THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:    415/674-8600
Facsimile:    415/674-9900

E-filing

Attorneys for Plaintiff
CRAIG YATES, an individual

ORIGINAL

FILED
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
JAN 11 2011

JCS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

CV11 0146  1-MTJ2

| | |
|---|---|
| CRAIG YATES, an individual, | **CASE NO.**<br>**Civil Rights** |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** |
| v. | |
| J&E RESTAURANT; WOO JING HING; and LING KUEN, | **1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*) |
| Defendants. | **2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 |
| | **3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.* |
| | **4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) |

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1       Plaintiff CRAIG YATES, an individual, complains of defendants WOO JING HING; and

2 LING KUEN, a.k.a. the owners of the J&E Building and alleges as follows:

3 **INTRODUCTION:**

4     1.     This is a civil rights action for discrimination against persons with physical

5 disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

6 for failure to remove architectural barriers structural in nature at defendants' J&E Building, a

7 place of public accommodation, thereby discriminatorily denying plaintiff and the class of other

8 similarly situated persons with physical disabilities access to, the full and equal enjoyment of,

9 opportunity to participate in, and benefit from, the goods, facilities, services, and

10 accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the

11 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

12 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

13     2.     Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

14 June 20, 2010, November 11, 2010 and December 7, 2010, was an invitee, guest, patron,

15 customer at defendants' J&E Building, in the City of San Francisco, California. At said times

16 and place, defendants failed to provide proper legal access to the J&E Building, which is a

17 "public accommodation" and/or a "public facility" including, but not limited to entrance, signage

18 and restroom. The denial of access was in violation of both federal and California legal

19 requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal

20 access, and was embarrassed and humiliated.

21 **JURISDICTION AND VENUE:**

22     3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

23 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

24 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

25 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

26 California law, whose goals are closely tied with the ADA, including but not limited to violations

27 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

28 *seq.*, including §19959; California Building Code.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

2    founded on the facts that the real property which is the subject of this action is located at/near

3    2537 24th Street, in the City and County of San Francisco, State of California, and that plaintiff's

4    causes of action arose in this county.

5    **PARTIES:**

6    5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

7    disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

8    disabled", "physically handicapped" and "person with physical disabilities" are used

9    interchangeably, as these words have similar or identical common usage and legal meaning, but

10   the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

11   handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

12   statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

13   CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

14   and United States laws.  Plaintiff is a triplegic.  Plaintiff CRAIG YATES requires the use of a

15   wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES is a member of

16   that portion of the public whose rights are protected by the provisions of Health & Safety Code

17   §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

18   Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

19   Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

20   §12101, *et seq.*

21   6.    Defendants WOO JING HING; and LING KUEN (hereinafter alternatively

22   collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or

23   agents of the owners, lessors and/or lessees, of the public accommodation known as J&E

24   Building, located at/near 2537 24th Street, San Francisco, California, or of the building and/or

25   buildings which constitute said public accommodation.

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1      7.     At all times relevant to this complaint, defendants WOO JING HING; and LING

2  KUEN, own and operate in joint venture the subject J&E Building as a public accommodation.

3  This business is open to the general public and conducts business therein. The business is a

4  "public accommodation" or "public facility" subject to the requirements of California Civil Code

5  §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C.

6  §12101, *et seq.*

7      8.     At all times relevant to this complaint, defendants WOO JING HING; and LING

8  KUEN are jointly and severally responsible to identify and remove architectural barriers at the

9  subject building pursuant to Code of Federal Regulations title 28, section 36.201(b), which states

10  in pertinent part:

11          **§ 36.201     General**

12                  (b) *Landlord and tenant responsibilities.* Both the landlord
who owns the building that houses a place of public
13                  accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
14                  requirements of this part. As between the parties, allocation of
responsibility for complying with the obligations of this part may
15                  be determined by lease or other contract.

16          28 CFR §36.201(b)

17  **PRELIMINARY FACTUAL ALLEGATIONS:**

18      9.     The J&E, is a restaurant, located at/near 2537 24th Street, San Francisco,

19  California 94110. The J&E RESTAURANT, its entrance, signage and restroom, and its other

20  facilities are each a "place of public accommodation or facility" subject to the barrier removal

21  requirements of the Americans with Disabilities Act. On information and belief, each such

22  facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of

23  which has subjected the J&E RESTAURANT and each of its facilities, its entrance, signage and

24  restroom to disability access requirements per the Americans with Disabilities Act Accessibility

25  Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

26

27

28

1    10.    On or about the year of 1979, defendants' and each of them purchased and/or
2 took possessory control of the premises now known as J&E. At all times prior thereto,
3 defendants' and each of them were aware of their obligation prior to the close of escrow, or upon
4 taking possessory interest or as of July 26, 1990, that public accommodations had a duty to
5 identify and remove architectural barriers and were aware that J&E was not accessible to the
6 disabled. Nevertheless, defendants' and each of them, operated J&E RESTAURANT as though
7 it was accessible.

8    11.    At all times stated herein, defendants' and each of them with the knowledge that
9 each of them had a continuing obligation to identify and remove architectural barriers where it
10 was readily achievable to do so, failed to adopt a transition plan to provide better and/or
11 compliant access to the subject accommodation.

12    12.    At all times referred to herein and continuing to the present time, defendants, and
13 each of them, advertised, publicized and held out the J&E as being handicapped accessible and
14 handicapped usable.

15    13.    On or about June 20, 2010, November 11, 2010 and December 7, 2010, plaintiff
16 CRAIG YATES was an invitee and guest at the subject J&E, for purposes of food and beverage.

17    14.    On or about June 20, 2010, plaintiff CRAIG YATES wheeled to the front of the
18 J&E RESTAURANT. Plaintiff CRAIG YATES saw two (2) entrances. One had a step. One
19 had no strike side. There was no signage to indicate how to access the subject restaurant. There
20 was no signage relative to receiving goods and services.

21    15.    At said time and place, plaintiff CRAIG YATES stressed and strained himself in
22 attempting to access the entrance that had no strike side (east entrance). Plaintiff CRAIG
23 YATES also encountered excessive door pressure.

24    16.    At said time and place, plaintiff CRAIG YATES needed to use the restroom.
25 Plaintiff CRAIG YATES encountered steps to the restroom. Plaintiff CRAIG YATES has
26 personal knowledge that elements of the unisex restroom at the subject restaurant were not
27 ADAAG compliant.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    17.    On or about July 20, 2010, plaintiff CRAIG YATES wrote both the landlord and
2    tenant about the lack of an accessible entrance. Plaintiff CRAIG YATES provided defendants
3    with a source to secure information to take remedial measures. Plaintiff CRAIG YATES did not
4    receive a response.

5    18.    On or about November 20, 2010, plaintiff CRAIG YATES returned and
6    encountered the same barriers as on his initial visit to the subject restaurant as stated herein.

7    19.    On or about December 7, 2010, plaintiff CRAIG YATES returned and
8    encountered the same barriers as on his initial visit to the subject restaurant as stated herein.

9    20.    At said time(s) and place, plaintiff CRAIG YATES noticed that not even the
10   simplest barrier removal was undertaken (i.e., appropriate signage, and employee policy and
11   procedure).

12   21.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a
13   disability, encountered the following inaccessible elements of the subject J&E, which constituted
14   architectural barriers and a denial of the proper and legally-required access to a public
15   accommodation to persons with physical disabilities including, but not limited to:

16         a.    lack of directional signage to show accessible routes of travel, i.e.
               entrances;
17
           b.    lack of an accessible entrance;
18
           c.    lack of a handicapped-accessible semi-ambulatory public restroom;
19
           d.    lack of appropriate signage for entry;
20
           e.    lack of appropriate signage to secure goods and services;
21
           f.    lack of signage, policies, procedures and guidelines to ensure the persons
22             with disabilities to the maximum extent possible have an opportunity to
               share in the same goods, services and opportunities as those afforded to
23             able-bodied persons; and
24
           g.    On personal knowledge, information and belief, other public facilities and
25             elements too numerous to list were improperly inaccessible for use by
26             persons with physical disabilities.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    22.    At all times stated herein, the existence of architectural barriers at defendants'
2  place of public accommodation evidenced "actual notice" of defendants' intent not to comply
3  with the Americans with Disabilities Act of 1990 either then, now or in the future.

4    23.    On or about July 20, 2010, defendant(s) were sent two (2) letters by or on behalf of
5  plaintiff CRAIG YATES advising of their need to take immediate action to remove architectural
6  barriers and requesting a written response upon receipt of his/her letter, promising to immediately
7  remove the barriers and providing a date when that would be accomplished. Said letters are
8  attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth
9  herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and
10  reasonable resolution of the matter.

11    24.    At all times stated herein, defendants, and each of them, did not act as reasonable
12  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
13  removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
14  receiving the same goods and services as able bodied people and some of which may and did pose
15  a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of
16  defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
17  bodily injury.

18    25.    As a legal result of defendants WOO JING HING; and LING KUEN's failure to
19  act as a reasonable and prudent public accommodation in identifying, removing or creating
20  architectural barriers, policies, practices and procedures that denied access to plaintiff and other
21  persons with disabilities, plaintiff suffered the damages as alleged herein.

22
23
24
25
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

26. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about June 20, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing east door entrance, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to gain access into the subject restaurant.

27. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

28. Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

29. Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendants WOO JING HING; and LING KUEN, because defendants WOO JING HING; and LING KUEN maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the entrance, signage and restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    30.    On information and belief, construction alterations carried out by defendants have
2 also triggered access requirements under both California law and the Americans with Disabilities
3 Act of 1990.

4    31.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the J&E to be
5 made accessible to meet the requirements of both California law and the Americans with
6 Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the J&E as a
7 public facility.

8    32.    Plaintiff seeks damages for violation of his civil rights on June 20, 2010,
9 November 11, 2010 and December 7, 2010 and seeks statutory damages of not less than $4,000,
10 pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day
11 after his visit that the trier of fact (court/jury) determines was the date that some or all remedial
12 work should have been completed under the standard that the landlord and tenant had an ongoing
13 duty to identify and remove architectural barriers where it was readily achievable to do so, which
14 deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of
15 his knowledge and/or belief that neither some or all architectural barriers had been removed and
16 that said premises remains inaccessible to persons with disabilities whether a wheelchair user or
17 otherwise.

18    33.    On information and belief, defendants have been negligent in their affirmative duty
19 to identify the architectural barriers complained of herein and negligent in the removal of some or
20 all of said barriers.

21    34.    Because of defendants' violations, plaintiff and other persons with physical
22 disabilities are unable to use public facilities such as those owned and operated by defendants on a
23 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
24 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
25 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
26 defendants to make the J&E accessible to persons with disabilities.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1        35.     On information and belief, defendants have intentionally undertaken to modify and
2  alter existing building(s), and have failed to make them comply with accessibility requirements
3  under the requirements of ADAAG and California Building Code. The acts and omission of
4  defendants, and each of them, in failing to provide the required accessible public facilities at the
5  time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and
6  despicable conduct carried out by defendants, and each of them, with a willful and conscious
7  disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a
8  trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more
9  profound example of defendants, and each of them, to other operators and landlords of other
10 restaurants and other public facilities, and to punish defendants and to carry out the purposes of
11 the Civil Code §§ 51, 51.5 and 54.

12       36.     Plaintiff is informed and believes and therefore alleges that defendants WOO JING
13 HING; and LING KUEN, and each of them, caused the subject building(s) which constitute the
14 J&E to be constructed, altered and maintained in such a manner that persons with physical
15 disabilities were denied full and equal access to, within and throughout said building(s) of the
16 J&E and were denied full and equal use of said public facilities. Furthermore, on information and
17 belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in
18 such conditions up to the present time, despite actual and constructive notice to such defendants
19 that the configuration of J&E and/or its building(s) is in violation of the civil rights of persons
20 with physical disabilities, such as plaintiff CRAIG YATES, and other members of the disability
21 community. Such construction, modification, ownership, operation, maintenance and practices of
22 such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code
23 §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

24
25
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1     37.    On personal knowledge, information and belief, the basis of defendants' actual and
2 constructive notice that the physical configuration of the facilities including, but not limited to,
3 architectural barriers constituting the J&E Building and/or building(s) was in violation of the civil
4 rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to,
5 communications with invitees and guests, plaintiff CRAIG YATES himself, sponsors of
6 conferences, owners of other restaurants, hotels, motels and businesses, notices they obtained
7 from governmental agencies upon modification, improvement, or substantial repair of the subject
8 premises and other properties owned by these defendants, newspaper articles and trade
9 publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
10 service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and
11 other similar information. Defendants' failure, under state and federal law, to make the J&E
12 accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and
13 other similarly situated persons with disabilities. Despite being informed of such effect on
14 plaintiff and other persons with physical disabilities due to the lack of accessible facilities,
15 defendants, and each of them, knowingly and willfully refused to take any steps to rectify the
16 situation and to provide full and equal access for plaintiff and other persons with physical
17 disabilities to the subject building. Said defendants, and each of them, have continued such
18 practices, in conscious disregard for the rights of plaintiff and other persons with physical
19 disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had
20 further actual knowledge of the architectural barriers referred to herein by virtue of the demand
21 letter addressed to the defendants and served concurrently with the summons and complaint. Said
22 conduct, with knowledge of the effect it was and is having on plaintiff and other persons with
23 physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety
24 of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per
25 Civil Code §§52 and 54.3.

26     38.    Plaintiff CRAIG YATES and the disability community, consisting of persons with
27 disabilities, would, could and will return to the subject public accommodation when it is made
28 accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

**I.** **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants WOO JING HING; and LING KUEN, inclusive)
(42 U.S.C. §12101, *et seq.*)

39.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 38 of this complaint.

40.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

41.     Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

1    42.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4  accommodations identified for purposes of this title was:

5           (7)    PUBLIC ACCOMMODATION - The following private
                 entities are considered public accommodations for purposes of this
6                 title, if the operations of such entities affect commerce -

7                            ---

8                    (B) a restaurant, bar or other establishment serving food or
                 drink.
9
             42 U.S.C. §12181(7)(B)
10
11    43.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

12  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

13  privileges, advantages, or accommodations of any place of public accommodation by any person

14  who owns, leases, or leases to, or operates a place of public accommodation."

      44.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),
15
16  42 U.S.C. §12182(b)(2)(a) are:

17           (I)    the imposition or application of eligibility criteria
                 that screen out or tend to screen out an individual with a disability
                 or any class of individuals with disabilities from fully and equally
18                 enjoying any goods, services, facilities, privileges, advantages, or
                 accommodations, unless such criteria can be shown to be necessary
19                 for the provision of the goods, services, facilities, privileges,
                 advantages, or accommodations being offered;
20
             (ii)    a failure to make reasonable modifications in
21                 policies, practices, or procedures, when such modifications are
                 necessary to afford such goods, services, facilities, privileges,
22                 advantages or accommodations to individuals with disabilities,
                 unless the entity can demonstrate that making such modifications
23                 would fundamentally alter the nature of such goods, services,
                 facilities, privileges, advantages, or accommodations;
24
             (iii)    a failure to take such steps as may be necessary to
25                 ensure that no individual with a disability is excluded, denied
                 services, segregated or otherwise treated differently than other
26                 individuals because of the absence of auxiliary aids and services,
                 unless the entity can demonstrate that taking such steps would
27                 fundamentally alter the nature of the good, service, facility,
                 privilege, advantage, or accommodation being offered or would
28                 result in an undue burden;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1          (iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
2          facilities . . . where such removal is readily achievable; and

3          (v)    where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
4          make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
5          methods are readily achievable.

6    The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

7    Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8    January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9    §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10         45.    The removal of the barriers complained of by plaintiff as hereinabove alleged were

11   at all times after January 26, 1992 "readily achievable" as to the subject building(s) of J&E

12   pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all

13   the barriers complained of herein together was not "readily achievable," the removal of each

14   individual barrier complained of herein was "readily achievable." On information and belief,

15   defendants' failure to remove said barriers was likewise due to discriminatory practices,

16   procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

17         46.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

18   accomplishable and able to be carried out without much difficulty or expense." The statute

19   defines relative "expense" in part in relation to the total financial resources of the entities

20   involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

21   plaintiff complains of herein were and are "readily achievable" by the defendants under the

22   standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

23   not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

24   make the required services available through alternative methods which were readily achievable.

25         47.    On information and belief, construction work on, and modifications of, the subject

26   building(s) of J&E occurred after the compliance date for the Americans with Disabilities Act,

27   January 26, 1992, independently triggering access requirements under Title III of the ADA.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    48. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
2  *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
3  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
4  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
5  to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
6  making use of the public facilities complained of herein so long as the premises and defendants'
7  policies bar full and equal use by persons with physical disabilities.

8    49. 42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
9  disability to engage in a futile gesture if such person has actual notice that a person or
10  organization covered by this title does not intend to comply with its provisions." Pursuant to this
11  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
12  December 7, 2010, but on information and belief, alleges that defendants have continued to
13  violate the law and deny the rights of plaintiff and of other persons with physical disabilities to
14  access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
15  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
16  facilities readily accessible to and usable by individuals with disabilities to the extent required by
17  this title."

18    50. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights
19  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
20  the Americans with Disabilities Act of 1990, including but not limited to an order granting
21  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being
22  deemed to be the prevailing party.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

**II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants WOO JING HING; and LING KUEN, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

51.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 50 of this complaint.

52.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

53.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

54.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1      55.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2 whose rights have been infringed upon and violated by the defendants, and each of them, as

3 prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4 knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5 Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6 defendants' J&E. As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury

7 determination, in accordance with California Civil Code §54.3(a) for each day on which he visited

8 or have been deterred from visiting the restaurant because of his knowledge and belief that the

9 restaurant is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

10              Any person or persons, firm or corporation, who denies or interferes
               with admittance to or enjoyment of the public facilities as specified
11              in Sections 54 and 54.1 or otherwise interferes with the rights of an
               individual with a disability under Sections 54, 54.1 and 54.2 is
12              liable for each offense for the actual damages and any amount as
               may be determined by a jury, or the court sitting without a jury, up
13              to a maximum of three times the amount of actual damages but in
               no case less than . . .one thousand dollars ($1,000) and . . .
14              attorney's fees as may be determined by the court in addition
               thereto, suffered by any person denied any of the rights provided in
15              Sections 54, 54.1 and 54.2.

16              Civil Code §54.3(a)

17      56.    On or about June 20, 2010, November 11, 2010 and December 7, 2010, plaintiff

18 CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES

19 was denied access to the entrance, signage and restroom and other public facilities as stated herein

20 at the J&E and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

21      57.    As a result of the denial of equal access to defendants' facilities due to the acts and

22 omissions of defendants, and each of them, in owning, operating and maintaining these subject

23 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

24 rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical

25 discomfort, bodily injury on or about June 20, 2010, including, but not limited to, fatigue, stress,

26 strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around

27 and through architectural barriers.

28 ///

1  Specifically, as a legal result of defendants negligence in the design, construction and
2  maintenance of the existing east door entrance, plaintiff suffered continuous, repetitive and
3  cumulative trauma to his right upper extremity while attempting to gain access into the subject
4  restaurant.

5       58.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
6  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
7  and worry, all of which are expectedly and naturally associated with a denial of access to a person
8  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
9  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
10  person or an entity that represents persons with physical disabilities and unable, because of the
11  architectural barriers created and maintained by the defendants in violation of the subject laws, to
12  use the public facilities hereinabove described on a full and equal basis as other persons.

13       59.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
14  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
15  as a person or an entity that represents persons with physical disabilities on or about June 20,
16  2010, November 11, 2010 and December 7, 2010, and on a continuing basis since then, including
17  statutory damages, a trebling of all of actual damages, general and special damages available
18  pursuant to §54.3 of the Civil Code according to proof.

19       60.    As a result of defendants', and each of their, acts and omissions in this regard,
20  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
21  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
22  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
23  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
24  reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
25  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to
26  compel the defendants to make their facilities accessible to all members of the public with
27  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
28  the provisions of §1021.5 of the Code of Civil Procedure.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    **III.     THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
      **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955,** *ET. SEQ.*
2    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants WOO
      JING HING; and LING KUEN, inclusive)
3    (Health & Safety Code §19955, *et seq.*)

4          61.      Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

5    the allegations contained in paragraphs 1 through 60 of this complaint.

6          62.      Health & Safety Code §19955 provides in pertinent part:

7                   The purpose of this part is to insure that public accommodations or
                    facilities constructed in this state with private funds adhere to the
8                   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
                    of Title 1 of the Government Code. For the purposes of this part
9                   "public accommodation or facilities" means a building, structure,
                    facility, complex, or improved area which is used by the general
10                  public and shall include auditoriums, hospitals, theaters, restaurants,
                    hotels, motels, stadiums, and convention centers. When sanitary
11                  facilities are made available for the public, clients or employees in
                    such accommodations or facilities, they shall be made available for
12                  the handicapped.

13         63.      Health & Safety Code §19956, which appears in the same chapter as §19955,

14   provides in pertinent part, "accommodations constructed in this state shall conform to the

15   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

16   Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

17   public accommodations constructed or altered after that date. On information and belief, portions

18   of the J&E and/or of the building(s) were constructed and/or altered after July 1, 1970, and

19   substantial portions of the J&E Building and/or the building(s) had alterations, structural repairs,

20   and/or additions made to such public accommodations after July 1, 1970, thereby requiring said

21   building and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the

22   Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety

23   Code §19959.

24         64.      Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

25   Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

26   1982, Title 24 of the California Building Standards Code adopted the California State Architect's

27   Regulations and these regulations must be complied with as to any alterations and/or

28   modifications of J&E and/or the building(s) occurring after that date.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Construction changes occurring prior to this date but after July 1, 1970 triggered access
2 requirements pursuant to the "ASA" requirements, the American Standards Association
3 Specifications, A117.1-1961. On information and belief, at the time of the construction and
4 modification of said building, all buildings and facilities covered were required to conform to
5 each of the standards and specifications described in the American Standards Association
6 Specifications and/or those contained in Title 24 of the California Building Standards Code.

7    65.    Restaurants such as the J&E are "public accommodations or facilities" within the
8 meaning of Health & Safety Code §19955, *et seq.*

9    66.    As a result of the actions and failure to act of defendants, and as a result of the
10 failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
11 plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
12 rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
13 facilities.

14    67.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
15 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's
16 civil rights and enforce provisions of the law protecting access for the persons with physical
17 disabilities and prohibiting discrimination against the persons with physical disabilities, and to
18 take such action both in plaintiff's own interests and in order to enforce an important right
19 affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all
20 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
21 §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953
22 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and
23 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).
24 Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

25    68.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of
26 them, to make the subject place of public accommodation readily accessible to and usable by
27 persons with disabilities.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET SEO.* **(THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants WOO JING HING; and LING KUEN, inclusive)
(Civil Code §51, 51.5)

69.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 68 of this complaint.

70.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1 As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2 "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

3 failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4 failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5 defendants, and each of them.

6     71.    The acts and omissions of defendants stated herein are discriminatory in nature and

7 in violation of Civil Code §51.5:

8         No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
9     or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of
10     the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
11     suppliers, or customers.

12         As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
13     limited liability company, or company.

14         Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
15     modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
16     provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
17     in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,
18     alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.
19

20     72.    Defendants' acts and omissions as specified have denied to the plaintiff full and

21 equal accommodations, advantages, facilities, privileges and services in a business establishment,

22 on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

23 Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

24 violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

25 Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

26 the entirety of his above cause of action for violation of the Americans with Disabilities Act at

27 §39, *et seq.*, as if repled herein.

28 ///

1    73.    As a result of the denial of equal access to defendants' facilities due to the acts and
2  omissions of defendants, and each of them, in owning, operating and maintaining these subject
3  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
4  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical
5  discomfort, bodily injury on or about June 20, 2010, including, but not limited to, fatigue, stress,
6  strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around
7  and through architectural barriers. Specifically, as a legal result of defendants negligence in the
8  design, construction and maintenance of the existing east door entrance, plaintiff suffered
9  continuous, repetitive and cumulative trauma to his right upper extremity while attempting to gain
10  access into the subject restaurant.

11    74.    Further, plaintiff CRAIG YATES suffered mental distress, mental
12  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
13  disappointment and worry, all of which are expectedly and naturally associated with a denial of
14  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
15  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
16  basis that plaintiff is a person or an entity that represents persons with physical disabilities and
17  unable, because of the architectural barriers created and maintained by the defendants in violation
18  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
19  other persons.

20    75.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)
21  of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to
22  mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is
23  allowed by statute, according to proof if deemed to be the prevailing party.

24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1 **PRAYER:**

2     Plaintiff prays that this court award damages and provide relief as follows:

3 **I.**     **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
4 DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants WOO
5 JING HING; and LING KUEN, inclusive)
    (42 U.S.C. §12101, *et seq.*)

6
    1.     For injunctive relief, compelling defendants WOO JING HING; and LING KUEN,
7
inclusive, to make the J&E, located at 2537 24th Street, San Francisco, California, readily
8
accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to
9
make reasonable modifications in policies, practice, eligibility criteria and procedures so as to
10
afford full access to the goods, services, facilities, privileges, advantages and accommodations
11
being offered.
12
    2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the
13
prevailing party; and
14
    3.     For such other and further relief as the court may deem proper.
15
**II.**     **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
16 EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEO.***
17     (On Behalf of Plaintiff CRAIG YATES, an individual and Against
Defendants WOO JING HING; and LING KUEN, inclusive)
18     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

19     1.     For injunctive relief, compelling defendants WOO JING HING; and LING KUEN,

20 inclusive, to make the J&E, located at 2537 24th Street, San Francisco, California, readily

21 accessible to and usable by individuals with disabilities, per state law.

22     2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

23 each occasion on which plaintiff was deterred from returning to the subject public

24 accommodation.

25     3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

26 if plaintiffs are deemed the prevailing party;

27     4.     Treble damages pursuant to Civil Code §54.3;

28     5.     General damages according to proof;

1    6.    For all costs of suit;

2    7.    Prejudgment interest pursuant to Civil Code §3291; and

3    8.    Such other and further relief as the court may deem just and proper.

4  **III.  PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
         SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
5         **§19955, *ET. SEO.***
          (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants WOO
6         JING HING; and LING KUEN, inclusive)
          (Health & Safety code §19955, *et seq.*)
7
      1.    For injunctive relief, compelling defendants WOO JING HING; and LING KUEN,
8
  inclusive, to make the J&E, located at 2537 24th Street, San Francisco, California, readily
9
  accessible to and usable by individuals with disabilities, per state law.
10
      2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,
11
  alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;
12
      3.    For all costs of suit;
13
      4.    For prejudgment interest pursuant to Civil Code §3291;
14
      5.    Such other and further relief as the court may deem just and proper.
15
  **IV.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
16       FULL AND EOUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
         PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
17       CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
         (On Behalf of Plaintiff CRAIG YATES, an individual and Against
18       Defendants WOO JING HING; and LING KUEN, inclusive)
         (California Civil Code §§51, 51.5, *et seq.*)
19
20    1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and

21  for each occasion on which plaintiff was deterred from returning to the subject public

22  accommodation;

23    2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

24  party;

25    3.    General damages according to proof;

26    4.    Treble damages pursuant to Civil Code §52(a);

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1    5.    For all costs of suit;

2    6.    Prejudgment interest pursuant to Civil Code §3291; and

3    7.    Such other and further relief as the court may deem just and proper.

4

5  Dated: _12/15/10_, 2010          THOMAS E. FRANKOVICH,
                                     *A PROFESSIONAL LAW CORPORATION*
6

7                                    By:

8                                    THOMAS E. FRANKOVICH
9                                    Attorneys for Plaintiff CRAIG YATES, an individual

10

11                        **DEMAND FOR JURY TRIAL**

12       Plaintiff hereby demands a jury for all claims for which a jury is permitted.

13

14  Dated: _12/15/10_, 2010          THOMAS E. FRANKOVICH,
                                     *A PROFESSIONAL LAW CORPORATION*
15

16

17                                   By:

18                                   THOMAS E. FRANKOVICH
                                     Attorneys for Plaintiff CRAIG YATES, an individual
19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 20, 2010

Manager
J&E Café
2537 24th Street
San Francisco, CA 94101

Dear Manager of J&E Café:

Recently, I visited J&E Café. The food was quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with narrow doors and no strike side. Strike side is the room to the side of the door to allow a wheelchair to angle in. If the door is closed it's impossible to get in. The other entrance has a step. I couldn't get to the restroom because of the 2 levels. That part of my experience was not good.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" you should do you own evaluation for access. You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903


July 20, 2010


Owner of the Building
J&E Café
2537 24th Street
San Francisco, CA 94101


Dear Owner of the Building for J&E Café:

Recently, I visited J&E Café. The food was quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with narrow doors and no strike side. Strike side is the room to the side of the door to allow a wheelchair to angle in. If the door is closed it's impossible to get in. The other entrance has a step. I couldn't get to the restroom because of the 2 levels. That part of my experience was not good.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" you should do you own evaluation for access. You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

**Craig Yates**